## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **CAROLYN WHEATLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:09-cv-02325-cgc** |
| | ) | |
| **6224 MACON, INC., LUCKY 7** | ) | |
| **FOOD & FUEL, INC., and** | ) | |
| **MAZEN ABDALLAH, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS
## AGAINST DEFENDANT MAZEN ABDALLAH

## ORDER OF DEFAULT JUDGMENT
## AGAINST DEFENDANT MAZEN ABDALLAH

Before the Court is Plaintiff Carolyn Wheatley's ("Wheatley") Motion for Sanctions against Defendant Mazen Abdallah ("Abdallah").

Plaintiff filed her Complaint on May 26, 2009 (D.E. # 1). A summons was issued as to defendant Mazen Abdallah on June 8, 2009 (D.E. # 4) and was returned executed on June 22, 2009 (D.E. # 6). Abdallah filed his answer on July 8, 2009 (D.E. # 7). At a scheduling conference before District Judge S. H. Mays on August 28, 2009, the parties consented to trial of this matter by the undersigned magistrate judge. (D.E. # 10). District Judge Mays entered an order noting the parties consent and transferring the case to the undersigned pursuant to 28 U.S.C. §636(c). (D.E. #11). On January 25, 2010, Greg Hays, attorney for the defendants, filed a motion to withdraw as counsel for the defendants. (D.E. # 22). The Court denied this motion on January 26, 2010 (D.E. #24) because

Mr. Hays' motion did not comply with Local Rules 83.1(h) and 7.2(a)(1(B).  Mr. Hays did not file a subsequent, corrected motion to withdraw.

The instant motion was filed on July 7, 2010 pursuant to Rules 37(d)(1)(A)(I) and 37(d)(3). Plaintiff asserts that Abdallah has not participated in discovery, including failure to appear for his deposition after proper notice, and Plaintiff requests the sanction of default judgment against Abdallah pursuant to Rule 37(b)(2)(A)(vi).  Local Rule 7.2(a) requires that Abdallah respond to this motion within fifteen days after service of the motion.  No timely response was filed.

On July 30, 2010, the Court entered an Order to Show Cause, which directed Abdallah to respond to Plaintiff's Motion for Sanctions within fourteen days of the entry of the Order.  The Court advised Abdallah that, "[f]ailure to respond on or before this date may be deemed good grounds to grant the instant motion."  To date, no response has been filed.

 Rule 37(d) provides for sanctions for the failure of a party to attend his own deposition. If the party fails "to appear before the officer who is to take the deposition, after being served with a proper notice," the Court may take any action authorized by subparagraph (b)(2)(A), (B), or (c) which includes  default judgment. The Sixth Circuit has described the sanction of default judgment as a "sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990). The factors a court should consider when deciding whether to order a default judgment for failure to cooperate in discovery include whether the failure was due to an inability to comply rather than the willful bad faith or fault of the party, whether the adversary was prejudiced, whether the party was warned that failure to cooperate could lead to dismissal, and whether less drastic sanctions are available. *Id*. at 1079.

In this case, the Court has no way to determine whether there was an inability to comply as Abdallah elected not to respond to either the Motion or the subsequent Show Cause Order.  Through the Show Cause Order, Abdallah was warned that a failure to cooperate could lead to default judgment being taken against him.  With regard to the availability of less drastic sanctions, th Court notes that the imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case. See *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988).  Here, Abdallah's conduct in this case warrants the sanction of default judgment.  Abdallah has not participated in this case since the filing of his attorney's motion to withdraw.  The Show Cause Order, in addition to being electronically noticed to his attorney,  was mailed directly to Abdallah.  Despite these efforts, Abdallah has not responded.

Accordingly, Plaintiff's Motion for Sanctions is hereby GRANTED and a default judgment is hereby entered against Abdallah pursuant to Rule 37(b)(2)(A)(vi).

**IT IS SO ORDERED** this 25th day of August, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE